UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61781-CIV-LENARD/TURNOFF

BEVERLY MEYER, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

   v.

COLAVITA USA, LLC,

        Defendant.

_____

## COLAVITA USA, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT, OR, IN THE ALTERNATIVE, TO STRIKE ALLEGATIONS

The Supreme Court recently emphasized the importance of ensuring a plaintiff's claims are well-pleaded before advancing to discovery, lest a "plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007) (citation and internal quotations omitted). "[*Twombly*] teaches that a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that the plaintiff's case is a substantial one." *Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009). Plaintiff asks this Court to do exactly the opposite – force Colavita to proceed with massive discovery and class certification with "potentially enormous expense[s]" on threadbare allegations. *Twombly*, 550 U.S. at 559; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Disavowing the UC Davis Study ("Study") that is cited extensively in the Complaint, Plaintiff steadfastly asserts that *every bottle* of Colavita extra virgin olive oil sold in Florida was

not "extra virgin" (Opp. at 12) because they do not meet the organoleptic (sensory) profile for "extra virgin."  Yet Plaintiff has failed to allege any specific facts to support that sweeping conclusion, other than the Study, which actually concluded that one of the two properly tested bottles of Colavita extra virgin olive oil *met all criteria*.  That paucity of facts fails to meet the threshold requirements to state a claim under *Twombly/Iqbal*, and destroys Plaintiff's individual and class claims.  This is not a close call; the Complaint should be dismissed.

Plaintiff's argument that Rule 9(b) does not apply to her FDUTPA claim falls flat, as does her contention that she has adequately pleaded causation and reliance in support of both of her causes of action.  Her breach of warranty claim is also deficient because she concedes she did not provide Colavita with pre-lawsuit notice, a prerequisite under Florida law.

Perhaps most importantly, Plaintiff's Opposition fails to meaningfully address the deficiencies of her class claims, which fail for the very same reasons as her individual claims: the conclusory facts pleaded do not support a plausible conclusion that all bottles of Colavita's extra virgin olive oil sold in Florida were not "extra virgin."

## I.      THE COMPLAINT SHOULD BE DISMISSED

### A.      Plaintiff Fails to Plead Facts to Support the Conclusion that Colavita Olive Oil Sold in Florida Was Not "Extra Virgin."

#### 1.      No Facts Support the Allegation That the Olive Oil Purchased by Plaintiff Did Not Have "Extra Virgin" Organoleptic Characteristics.

Plaintiff spills much ink arguing that Colavita is bound by the IOC's criteria for "extra virgin," that those criteria include a particular organoleptic profile, and that Colavita unfairly diminishes the importance of the organoleptic profile (Opp. at 3, 5-6.)  In so doing, Plaintiff misconstrues Colavita's argument.

Colavita's motion *does not* require the Court to resolve whether the Study is credible.  Rather, taken at face value, the Study's results – that one bottle in California met or exceeded *all*

extra virgin criteria, including the sensory test, and one bottle in California fell short only on the sensory test – provide no factual foundation for a lawsuit alleging that the olive oil Plaintiff purchased in Florida did not meet the criteria for extra virgin.  To "state a plausible claim for relief," a plaintiff must "plead[] *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (emphasis added).  Plaintiff has not met that burden.

Plaintiff *concludes* in the Complaint that the olive oil she purchased was not "extra virgin," but she does not allege that it failed the IOC test for organoleptic characteristics.  Nor does she allege that her olive oil did not taste "good enough" *to her* to be extra virgin.  This pleading failure demonstrates the utter lack of factual allegations to support Plaintiff's conclusion that the olive oil she purchased was not true extra virgin olive oil, destroying her standing to maintain her claims.  *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) (A plaintiff "must demonstrate 'injury in fact'— a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.'") (citation omitted).

### 2. The Allegation that Plaintiff Purchased "Fake" Extra Virgin Olive Oil Is Textbook Conclusory and Provides Insufficient Factual Support.

Conceding that the Study does not support her claim, Plaintiff now falls back on the argument that her allegation that Colavita sells "fake" extra virgin olive oil (Opp. at 3, 11) states a claim, and that Colavita "challenges the premise that it actually, in fact, sells 'fake' extra virgin olive oil" (*Id.* at 3-4.)  While Colavita vehemently disputes Plaintiff's conclusion, that dispute is irrelevant for purposes of this motion.  The bald conclusion that Colavita's extra virgin olive oil is "fake" fails to meet the most basic pleading standards under Rule 8(a).  *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.");

*Sinaltrainal*, 578 F.3d at 1261.  It is far from the "plausible" allegations required to sustain a claim under *Twombly/Iqbal*.

      **B.**    **Plaintiff Cannot Rebut Her Failure to Meet Rule 9(b)'s Pleading Requirements for Her FDUTPA Claim.**

The Complaint fails to satisfy Rule 9(b)'s particularity requirements and none of Plaintiff's arguments to the contrary is persuasive.  First, Colavita does not contend that *all* FDUTPA claims must comply with Rule 9(b), only those whose allegations sound in fraud, such as Plaintiff's.  *Cannon v. Metro Ford, Inc.,* 242 F. Supp. 2d 1322, 1332 (S.D. Fla. 2002) (Lenard, J.); *Zlotnick v. Premier Sales Grp., Inc.*, 431 F. Supp. 2d 1290, 1295 (S.D. Fla. 2006), *aff'd on other grounds by* 480 F.3d 1281 (11th Cir. 2007).  Thus, it is irrelevant whether the FDUTPA requires a plaintiff to plead the elements of fraud.  Second, none of the cases Plaintiff cites holds that Rule 9(b) does not apply to FDUTPA claims that sound in fraud.  *Fitzpatrick v. General Mills, Inc*., 263 F.R.D. 687 (S.D. Fla. 2009), involved a motion for class certification, not Rule 9(b)'s pleading standard.  The defendant in *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336 (S.D. Fla. 2009), did not contend that the complaint failed to meet Rule 9(b)'s standard.  A case obviously is "not dispositive" of an issue that was "not raised and not considered" therein.  *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 535 n.3 (11th Cir. 1991).

Third, Plaintiff does not distinguish the authorities that demonstrate that a FDUTPA claim must comply with Rule 9(b) where it arises from allegations of misrepresentation or deceit.  *Zlotnick*, 431 F. Supp. 2d at 1293, 1295 ("bait and switch" advertising); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002) (claim premised on "fraud in that [plaintiff] claims that she did not receive the cruise that was promised to her"); *Cannon,* 242 F. Supp. 2d at 1332 (FDUTPA claim dismissed for failure to plead "with any particularity the circumstances constituting the purported fraud").  Plaintiff contends that those cases do not apply because hers

is a "false advertising consumer food case," but that is a distinction without a difference.  (Opp. at 10.)  Plaintiff alleges that Colavita engages in "advertizing deception" [sic] to "dupe" Plaintiff and other consumers into purchasing "fake 'extra virgin olive oil'" at a "premium price." (Compl. ¶¶ 9-10, 40.)  The Court need only look to Plaintiff's characterization of her claims: "Plaintiff also alleges that Defendant Colavita knowingly mixes and chemically adulterates the Colavita olive oil products to look like 'extra virgin' olive oil under the non-organoleptic, chemical tests also used to identify the 'extra virgin' olive oil grade."  (Opp. at 1.)  Allegations of misrepresentation and fraud plainly form the crux of her FDUTPA claim.

Plaintiff's argument that, if Rule 9(b) applies, then she has met its pleading requirement, is belied by the very allegations cited in her Opposition.  (*See* Opp. at 11.)  She contends she has met the heightened pleading standard with the generalized allegation that the production of extra virgin olive oil is "time-sensitive" and "cannot easily be performed" by large producers,[1] that certain samples of extra virgin olive oil did not satisfy tests performed by UC Davis, and that Colavita allegedly has a "profit motive" for mislabeling olive oil.  (*Id.*)  None of those allegations states the "who, what, when, where, and how" of the alleged deception because she fails to cite any details regarding *her purchase* of Colavita olive oil, including when and where she purchased the allegedly offending bottles, how she relied on and was damaged by the alleged misrepresentations, and how much she paid.

---

[1] Although the Opposition states that Colavita "harvest[s], collect[s], and process[es] olives" (Opp. at 11), the Complaint does not.  Instead, it alleges only that Colavita "promotes[,] markets, distributes, and sells" olive oil in the United States.  (Compl. ¶ 14.)  Accordingly, that (untrue) claim in the Opposition must be disregarded.

### C.   Plaintiff Fails to Overcome Her Failure to Properly Plead Causation in Support of Her FDUTPA and Warranty Claims.

The cases Plaintiff cites to support the notion that she adequately pleaded causation and reliance are readily distinguishable.  In *Smith*, 663 F. Supp. 2d 1336, the issue was whether Wrigley's nationwide ad campaign falsely claimed that its Eclipse gum was scientifically proven to kill the germs that cause bad breath.  There, unlike here, the plaintiff expressly pleaded that she relied on the allegedly deceptive representation in purchasing the defendant's gum.  *Id.* at 1339.

In *Fitzpatrick*, 263 F.R.D. 687, the defendant advertised its "Yo-Plus" yogurt as containing probiotic ingredients with digestive health benefits that regular Yoplait lacked.  The plaintiff, a consumer who switched to Yo-Plus from a competing yogurt brand, alleged that the "digestive health benefit" claim was deceptive because there were no such benefits.  *Id.* at 692. The court certified a class, in part because it reasoned that each plaintiff would not have to prove actual reliance on the allegedly false claim.  *Id.* at 694-95.  The court based that conclusion, however, on an unpublished Eleventh Circuit case and has since explained that the reasoning of that case actually reveals that, "in some circumstances, proof of reliance may be required under FDUTPA."  *See In re Motions to Certify Classes Against Court Reporting Firms for Charges Relating to Word Indices*, 715 F. Supp. 2d 1265, 1281 n.8 (S.D. Fla. 2010).  In any event, as in *Smith*, it was unmistakably clear that the named plaintiff specifically relied on the allegedly false statement in deciding to purchase Yo-Plus "because she thought . . . [it would] promote her digestive health in ways that normal yogurt would not."  *Fitzpatrick,* 263 F.R.D. at 692.  Thus, *Smith* and *Fitzpatrick* underscore Plaintiff's failure here to plead that she purchased Colavita's

olive oil *because* the label said "extra" virgin, and not for another reason, such as because it tastes good.[2]

Finally, Plaintiff's assertion that the FDUTPA permits a broader class of plaintiffs to obtain equitable relief than it permits to recover actual damages (Opp. at 7-8) does not dispense with the causation requirement. *Gritzke v. M.R.A. Holding, LLC*, No. 4:01cv495-RH, 2002 U.S. Dist. LEXIS 28085 (N.D. Fla. Mar. 16, 2002), stands for the limited proposition that prior to 2001, only a *consumer* of a defendant's product had standing to bring a claim for damages under the FDUTPA, while after 2001, any person who suffered actual injury as a result of a defendant's conduct could recover damages. *Id.* at *11-13. *Gritzke* does not support the notion that Plaintiff need not establish causation to seek equitable relief. Her failure adequately to plead causation warrants dismissal of her FDUTPA and warranty claims.

**D.    Plaintiff Failed to Give Notice of the Alleged Breach of Warranty.**

Plaintiff contends that she provided adequate notice of the claimed breach as required by Florida law by forwarding the complaint to Colavita subsequent to filing. (Opp. at 14.) The notice requirement is intended to encourage *pre-suit* settlement negotiations, which renders Plaintiff's post-filing attempt to give notice inadequate. *See* Fla. Stat. § 672.607(3)(a), cmt. 4 (notice is designed to "open[] the way for normal settlement through negotiation"); U.C.C. § 2-607(3)(a), cmt. 4 (same); *Lynx, Inc. v. Ordnance Prods., Inc.*, 327 A.2d 502, 514 (Md. 1974) ("[T]he institution of an action by the buyer to recover damages cannot by itself be regarded as a notice of the breach contemplated under [U.C.C.] § 2-607 (3) . . . ."); *Perona v. Volkswagen of*

---

[2] Even if the plaintiffs in *Smith* and *Fitzpatrick* had not pleaded causation and reliance, in those cases it was obvious that purchasers were motivated to pay a higher price for those products because of the products' purported health benefits, which the defendants advertised widely and touted as the distinction between their products and others. Plaintiff here does not allege that Colavita made any such claims.

*Am.*, *Inc.*, 684 N.E.2d 859, 864 (Ill. App. Ct. 1997) ( "the commencement of a lawsuit does not

satisfy the notice requirement" under U.C.C § 2-607 (3)); *Williams v. Mozark Fire Extinguisher*

*Co.*, 888 S.W.2d 303, 306 (Ark. 1994) (same); *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d

1277, 1285 (M.D. Ala. 2001) (same).

## II.     IN THE ALTERNATIVE, THE MOTION TO STRIKE THE CLASS ALLEGATIONS SHOULD BE GRANTED

Plaintiff's syllogism is simple, yet fatally flawed:  because every bottle of Colavita extra

virgin olive oil sold in Florida was not extra virgin, then the bottle she purchased was not extra

virgin, and she must have pled an ascertainable class because *everyone's* bottles of olive oils

were not extra virgin.  She maintains "that *none* of . . . Colavita['s] olive oil products labeled as

'extra virgin' and sold in the state of Florida [in the past four years] meet the 'extra virgin'

grade" (Opp. at 12), yet as with the allegation that she, herself, purchased olive oil that was not

"extra virgin," she fails to plead any facts whatsoever that make such a sweeping claim plausible.

Without any facts to support the major premise in this argument, the conclusions are similarly

unsupported, and her class allegations fail under *Twombly/Iqbal* and must be dismissed or

stricken.

Other than this one unsupported conclusion, Plaintiff is left with only the Study, which

concluded that one bottle of Colavita purchased in California met *all* criteria for extra virgin

olive oil, while another bottle satisfied all objective criteria, but fell short on taste.  Plaintiff

herself now characterizes the Study as mere "background information" and implicitly concedes

that its results have nothing to do with extra virgin olive oil sold in Florida.[3]  (Opp. at 11-12.)

---

[3] Indeed, Plaintiffs in a parallel action in California recently dismissed their lawsuit after multiple rounds of independent testing failed to replicate the UC Davis Study's results.  (*See* Colavita's concurrently-filed Request for Judicial Notice, dated Jan. 21, 2011, Exs. A-B.)

Regardless, as discussed in Colavita's moving papers, the Study fails to support any ascertainable class in Florida and, inevitably, individual issues will necessarily predominate with respect to who bought a "bad" bottle, causation, and damages, thus precluding certification. (Motion to Dismiss ("Mot.") at 17.)[4]  Plaintiff's Opposition utterly fails to address these arguments, resting on her flawed premise.

In a last attempt to save her class claims, Plaintiff argues that discovery is required before dismissal.  Plaintiff makes no attempt to address the four decisions cited in Colavita's moving papers holding that the striking or dismissal of class allegations at the pleading stage can be appropriate.  (*Id.* at 15.)  Plaintiff instead relies on several irrelevant cases, none of which espouses a blanket criticism of the practice of striking class allegations at the pleading stage.  *See Parker v. Time Warner Entm't. Co., LP*, 331 F.3d 13, 19 n.2 & 20 (2d Cir. 2003) (denial of class certification was premature because statutory damages sought were incidental to request for injunctive relief); *Jones v. Diamond*, 519 F.2d 1090, 1098 (5th Cir. 1975) (reversing denial of class certification because "in class actions under the civil rights statutes, the trial court bears a substantial management responsibility over the conduct of the litigation"); *Dillon v. Bay City Constr. Co., Inc.*, 512 F.2d 801, 803 n.2 (5th Cir. 1975) (where plaintiffs alleged housing discrimination on the basis of race, district court erred in allowing plaintiffs only five days to prepare for final trial on the merits).  Accordingly, if the Complaint is not dismissed in its entirety, then Plaintiff's class allegations should be dismissed.[5]

---

[4] Plaintiff's assertion that Rule 23 "does not require complete identity" (Opp. at 12) does not salvage her claim, as the Complaint does not allege sufficient facts to plausibly support the conclusion that even *most* of the olive oil purchased by Florida consumers was not "extra virgin."

[5] Plaintiff apparently does not dispute that the class allegations in support of her warranty claim should be dismissed because the notice prerequisite defeats certification.  (*See* Opp. at 14.)

## III.   PLAINTIFF'S ALLEGATIONS ABOUT IMPROPER CONDUCT BY OTHERS SHOULD BE STRICKEN.

Plaintiff's opposition to Colavita's motion to strike the scandalous allegations regarding improper conduct by third parties (Opp. at 13-14) is meritless.  Numerous courts have stricken scandalous allegations that have no bearing on the defendant, as well as irrelevant allegations that unnecessarily widen discovery and thus prejudice the defendant.  *E.g., Corley v. La. ex rel. Div. of Admin. Office of Risk Mgmt.*, No. 06-882-SCR, 2010 U.S. Dist. LEXIS 84516, at *6-7 (M.D. La. Aug. 16, 2010); *Bd. of Educ. v. Bd. of Educ.*, No. 06 C 2005, 2006 U.S. Dist. LEXIS 46490, at *10-11 (N.D. Ill. July 10, 2006).  Plaintiff contends that the allegations relating to improper conduct by third parties comply with *Twombly* by providing "the texture of what trade practices occur in the olive oil industry." (Opp. at 14.)[6]  *Twombly* stands for no such thing – it requires a plaintiff to plead specific facts that demonstrate wrongful conduct *by the defendant*.[7]

## IV.   CONCLUSION

For the foregoing reasons, Colavita respectfully requests that the Court dismiss the Complaint in its entirety.  Alternatively, Colavita requests that the Court strike the class allegations and the entirety of Paragraphs 45 and 48-54 from the Complaint.

---

[6] Moreover, Plaintiff's assertion that her allegations are supported by facts subject to judicial notice, misses the mark.  (Opp. at 14.)  The allegations involving misconduct by mostly unidentified third parties should be stricken because they bear no relevance to this action and are unduly prejudicial because the only purpose served by such allegations is to impute the unsubstantiated and scandalous conduct to Colavita.  Whether or not those facts are facts of which the Court can take judicial notice is immaterial where, as here, the "facts" serve no proper purpose.

[7] None of the cases Plaintiff cites are instructive.  *Sec. & Exch. Comm'n v. Monterosso*, No. 07-61693-CIV-LENARD/GARBER, 2010 U.S. Dist. LEXIS 108199, at *18-19, 29-30 (S.D. Fla. Sept. 28, 2010) (motion to strike affirmative defenses that plainly were relevant to the action); *Mack v. HH Gregg, Inc.*, No. 1:08-cv-0664-DFH-DML, 2008 U.S. Dist. LEXIS 89080, at *4 (S.D. Ind. Nov. 3, 2008) (refusing to strike allegations that reported government statistics on clothes drier safety because they "relate to [drier] installations that [the defendant] could do in the future" and caused no prejudice).

Dated:  January 21, 2011          Respectfully submitted,

/s/ Robert L. Ciotti
Robert L. Ciotti (Florida Bar No. 333141)
CARLTON FIELDS, P.A.
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida  33607-5780
Telephone: 813/223-7000
Facsimile: 813/229-4133
E-mail: rciotti@carltonfields.com

David F. McDowell (*pro hac vice forthcoming*)
Sylvia Rivera (*pro hac vice forthcoming*)
Purvi G. Patel (*pro hac vice forthcoming*)
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone:  213/892-5200
Facsimiles:  213/892-5454
E-mail: dmcdowell@mofo.com
       srivera@mofo.com
       ppatel@mofo.com

***Attorneys for Defendant Colavita USA, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2011, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-

mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

have mailed the foregoing document via the United States Postal Service to the non-CM/ECF

participants indicated on the attached Manual Notice List.

/s/ Robert L. Ciotti
Attorney

<u>Electronic Mail Notice List</u>

Cullin Avram O'Brien; <u>cobrien@rgrdlaw.com</u>
Mark Jeffrey Dearman; <u>mdearman@rgrdlaw.com</u>
Stuart Andrew Davidson; <u>sdavidson@rgrdlaw.com</u>
***Attorneys for Plaintiff and the Class***

David F. McDowell (*pro hac vice forthcoming*); <u>dmcdowell@mofo.com</u>
Sylvia Rivera (*pro hac vice forthcoming*); <u>srivera@mofo.com</u>
Purvi G. Patel (*pro hac vice forthcoming*); <u>ppatel@mofo.com</u>
***Attorneys for Defendant Colavita USA, L.L.C***

<u>Manual Mail Notice List</u>

Steven Gerson
The Gerson Law Firm
8551 West Sunrise Boulevard, Suite 300
Plantation, Florida 33322
Telephone: 954/915-8888
Facsimile: 954/915-9191
E-mail: sgerson@gersonlawfirm.com
***Attorneys for Plaintiff and the Class***