UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61781-CIV-LENARD/O'SULLIVAN

BEVERLY MEYER, Individually and on
Behalf of All Others Similarly Situated,

            Plaintiff,

v.

COLAVITA USA, LLC,

            Defendant.

CASE NO. 10-61793-CIV-LENARD/O'SULLIVAN

JOSEPH NACHIO, Individually and on Behalf
of All Others Similarly Situated,

            Plaintiff,

v.

AMERICAN RICE INC., POMPEIAN INC.,
and SALOV NORTH AMERICA
CORPORATION,

            Defendants.

**DEFENDANTS' CONSOLIDATED OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF COURT'S ORDER OF DISMISSAL**

Plaintiffs styled this motion as one for reconsideration of the Court's orders dismissing these actions with prejudice. In fact, Plaintiffs want this Court to reconsider its July 22, 2011 orders denying their motions to amend. For numerous reasons, Plaintiffs' motion should be denied.

First, California residents have no right to seek reconsideration of this Court's orders or to assert California state-law claims in this case. Defendants moved to dismiss the claims of the named plaintiffs, Nachio and Meyer. Nachio and Meyer are the only plaintiffs properly before this Court. And they are the only plaintiffs subject to the Court's order of dismissal. The deadline to amend expired more than 7 months ago and Plaintiffs did not timely move to join California residents with California claims. As the Court held on July 22nd, Plaintiffs' belated attempt to amend failed to satisfy Rules 15(a) and 16(b). If Plaintiffs could not add California residents and claims then, they certainly cannot do so after dismissal of the action.

Second, Plaintiffs Nachio and Meyer have not cured the defects that resulted in the dismissal of their claims. Plaintiffs admittedly failed to provide notice of their warranty claims prior to filing this action. Moreover, the proposed amended complaint still does not allege "when, where, and what type of olive oil they purchased" (Nachio Dkt. No. 62 at 15), that *any* Florida consumer did not like the taste or smell of Defendants' products (*id.* at 15), that *any* bottle sold by defendants in Florida "was tested and failed to meet certain standards, or was in any way 'fake'" (*id.*), how Plaintiffs "have been aggrieved" (*id.*), or "what damages they suffered" (*id.*).[1] In addition, Plaintiffs still cannot explain how inconsistent test results based on a handful of bottles in California shed light on the quality of bottles they allegedly purchased in Florida. Plaintiffs previously argued that those California studies shed no light on olive oil sold in Florida. (Nachio Opp. to Mot. to Dismiss at 17 [Nachio Dkt. No. 42]; Meyer Opp. to Mot. to

---

[1] The Court entered identical Orders Granting Defendants' Motions to Dismiss in the *Nachio* and *Meyer* actions. For the sake of simplicity, this opposition cites only to the dismissal order in *Nachio* and refers to it as "Nachio Dkt. No. 62."

Dismiss at 12 [Meyer Dkt. No. 24].) The Court did not err by adopting the same position. Plaintiffs' motion for reconsideration should be denied and judgment entered for Defendants.

## I.    BACKGROUND

On September 13, 2011, the Court dismissed this action because Plaintiffs Nachio and Meyer could not satisfy even Rule 8(a)'s relaxed pleading standards. Thirty days later, Plaintiffs filed the instant motion for reconsideration, seeking leave to file an amended complaint that is virtually identical to the proposed amended complaints this Court rejected on July 22, 2011. (Orders Denying Mot. for Leave to Amend [Nachio Dkt. No. 60 & Meyer Dkt. No. 42].) It merely combines those two proposed amended complaints into one document, and adds conclusory allegations purportedly drawn from a supplemental report by UC Davis in 2011 of a small sample of olive oils purchased in California.

Once again, Plaintiffs ask this Court to allow them to (i) add three California residents as named plaintiffs (Scott Minervini, Randi Callahan and Alana Guidry); (ii) introduce three new California state law claims on behalf of a putative class of California residents, and (iii) add a new claim for misleading advertising under Fla. Stat. §§ 817.41, *et seq*. The Court already concluded that Plaintiffs "failed to satisfy the requirements of Rules 15(a) and 16(b)" for these proposed amendments. (Nachio Dkt. No. 60; Meyer Dkt. No. 42.) The Court also necessarily recognized that the release of the 2011 Davis Report did not support amendment. Plaintiffs nonetheless contend that the Court committed clear error and has worked grave injustice by overlooking the 2011 Davis Report.

## II.    LEGAL STANDARD

"Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Am. Ass'n of People with Disabilities v. Hood*, 278 F.

Supp. 2d 1337, 1339 (M.D. Fla. 2003).  Plaintiffs must demonstrate reconsideration is necessary due to (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice.  *Fleet Global Servs., Inc. v. Republic W. Ins. Co.*, No. 6:04-CV-954-Orl-18JGG, 2007 U.S. Dist. LEXIS 29611, at *7 (M.D. Fla. Apr. 23, 2007) (stating standard under Rule 54(b)); *Seung v. Regent Seven Seas Cruises, Inc.*, No. 08-60695-CIV-COOKE/BANDSTRA, 2010 U.S. Dist. LEXIS 5946, at *2 (S.D. Fla. Jan. 26, 2010) (stating standard under Rule 60(b)).  A motion for reconsideration is not "an opportunity to simply reargue an issue the Court has once determined."  *Am. Ass'n of People with Disabilities*, 278 F. Supp. 2d at 1340.

### III. THE COURT PROPERLY REJECTED PLAINTIFFS' UNTIMELY ATTEMPT TO ADD NEW PLAINTIFFS WITH NEW CLAIMS UNDER CALIFORNIA LAW AND A NEW CLAIM UNDER FLORIDA LAW.

Plaintiffs' motion has little to do with this Court's order of dismissal.  It is first and foremost an attack on this Court's July 22nd order denying leave to amend.  That is because Plaintiffs want to add *new* parties with *new* claims never at issue in this case, as well as an entirely new Florida cause of action.

Nothing in the Federal Rules of Civil Procedure requires a Court granting a Rule 12(b)(6) motion for failure to state a claim to allow attorneys an opportunity to plead a new case on behalf of new clients.  As Defendants explained in opposing Plaintiffs' prior attempt to amend, before being allowed to add new parties with new claims long after the deadline set by the Court, Plaintiffs must satisfy Rule 16(b)(4)'s "good cause" requirement in addition to Rule 15(a).  (*See* Opp. to Mot. for Leave to Amend [Nachio Dkt. No. 54 & Meyer Dkt. No. 36].)  But as this Court held more than three months ago, Plaintiffs "failed to satisfy the requirements of Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure."  (Nachio Dkt. No. 60; Meyer Dkt. No. 42.)

Plaintiffs also do not identify "new evidence" or decisional authority to overturn this Court's July 22nd order. The 2011 Davis Report does not warrant reconsideration, because it is merely the successor to the 2010 Davis Report that was, by Plaintiffs' concession, mere "reference" or "background" information rather than the basis for a legal claim. (Pls.' Mot. for Reconsideration at 1 [Nachio Dkt. No. 63]; Nachio Dkt. No. 42 at 1, 3; Meyer Dkt. No. 24 at 1, 3, 11.) As Defendants previously explained, in such a situation this Court has broad discretion to enforce its case management deadlines. (*See* Nachio Dkt. No. 54 & Meyer Dkt. No. 36.) The Court acted well within that discretion by denying the prior untimely, unsupported, and futile motion to amend brought without any effort to satisfy Rule 16's "good cause" requirement.[2] The outcome should be no different three months later. The Court should reject Plaintiffs' renewed and untimely effort to join new California plaintiffs asserting new California claims and to add a new Florida cause of action.

## IV. THE COURT PROPERLY DISMISSED PLAINTIFF NACHIO AND MEYER'S WARRANTY AND FDUTPA CLAIMS WITHOUT LEAVE TO AMEND.

The Court also should deny Plaintiffs' request to amend their own Florida claims. None of their proposed amendments cure the defects previously identified by the Court. A court need not grant leave to amend where, as here, "the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)). If anything, Plaintiffs' proposed amended complaint merely confirms that the Court correctly dismissed their complaints.

---

[2] The inexcusable delay in seeking to join California plaintiffs and claims is sufficient grounds for once again rejecting the proposed amendment. And even if it were not, as Defendants previously explained, the purported California claims fail to state any claim for relief, so the proposed amendment is futile. (Nachio Dkt. No. 54 & Meyer Dkt. No. 36.)

### A. The Court Properly Dismissed the Warranty Claims with Prejudice.

The Court dismissed Plaintiff Nachio and Meyer's claims for breach of express warranty because they failed to allege they provided pre-suit notice of their claims within a reasonable time. (Nachio Dkt. No. 62 at 17.) *Pre-filing* notice is an independent legal requirement for breach of warranty claims. (*Id.*) The law has not changed in the last thirty days. No amended complaint could save Plaintiffs' claims because they admittedly provided Defendants with notice of their claims only *after* filing this action. (Nachio Dkt. No. 42 at 19 (citing Dkt. Nos. 1-2, 1-4); Meyer Dkt. No. 24 at 14 (citing Dkt. No. 1-1)). The warranty claim thus was correctly dismissed without leave to amend.

### B. The Court Properly Dismissed the FDUTPA Claims with Prejudice.

The Court's September 13th dismissal order identifies four fundamental defects in Plaintiffs' FDUTPA claims, none of which is cured by Plaintiffs' proposed amendment.

*First*, the Court dismissed the complaints because Plaintiffs failed to plead "when, where, and what type of olive oil they purchased and whether the actual olive oil they purchased conformed with the identified standards." (Nachio Dkt. No. 62 at 14.) The proposed amended complaint is no better. Plaintiffs Nachio and Meyer allege that they purchased Defendants' products at "various retail stores" (Nachio Dkt. No. 63-1 ¶¶ 13, 15), and consumed a bottle of olive oil every month or two (*id.* ¶¶ 21, 23). Such vague allegations cannot revive this case from the grave.

*Second*, the original complaints contained "no allegations that anyone in Florida purchased extra virgin olive that tasted bad, or was tested and failed to meet certain standards, or was in any other way 'fake.'" (Nachio Dkt. No. 62 at 15.) The proposed amended complaint makes no attempt to remedy that defect. It says nothing about Florida consumers or tests of

bottles purchased in Florida. Plaintiffs merely repackage conclusory allegations in terms of the "benefit of their bargain":

> In short, Plaintiffs and the Classes have not received the benefit of their bargains as a result of Defendants' false, deceptive and unfair marketing campaigns, including Defendants' product labels. Plaintiffs and the Classes have sought to purchase real "extra virgin olive oil" and have instead, at least three-quarters of the time, have received rancid olive oil.

(Nachio Dkt. No. 63-1 ¶ 12.) Such "bare assertions" are "not entitled to be assumed" true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009). "[B]ald allegations" devoid of "factual content" (*id.*) no longer open the gates to proceed with "a potentially massive factual controversy." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

*Third*, like the original complaints, the proposed amended complaint does not "set forth any facts demonstrating how they have been aggrieved or what damages they suffered. For example, Plaintiffs do not plead facts demonstrating that they paid 'X' dollars for what they thought was extra virgin olive oil that in fact turned out to be simply virgin olive oil worth 'Y' dollars." (Nachio Dkt. No. 62 at 15.) There are no new allegations in the proposed amended complaint that provide this information for Nachio or Meyer. Instead, Plaintiffs rely on identical, conclusory allegations. (*Compare* Nachio Dkt. No. 63-1 at ¶¶ 96, 98, 100-101 *with* Nachio Dkt. No. 1-1 at ¶¶ 65- 67 & Meyer Dkt. No. 1-2 at ¶ 58.)

*Fourth*, like the original complaints, the proposed amended complaint seeks to "support [Plaintiffs'] claims with speculation and unwarranted extrapolation from the UC Davis Study's findings." (Nachio Dkt. No. 62 at 14.) Plaintiffs present the 2011 Davis Report as a panacea, but it cannot fill the factual vacuum in their case. Even if the report were "new evidence," like its predecessor, this latest report "involved a very limited sampling of extra virgin olive purchased" in California. (*Id.*) Plaintiffs focus on the total number of samples tested for the 2011

report, but what matters is the number of samples of each defendant's brand. That number is only 18, which were purchased from various stores in California, and which account for an even smaller number of product lots. (Nachio Dkt. No. 63-1 at 71-72 (listing lot numbers, several of which are duplicates).)

Furthermore, the second report exacerbates the "somewhat inconclusive results" of the original report. Just as with the first report,

> some of Defendants' samples passed both the objective criteria and more subjective organoleptic criteria as meeting the standards for extra virgin olive oil. Others did not, but based upon failures of the more subjective test.

(Nachio Dkt. No. 62 at 14.) To take but one example, the results in the 2011 Report are internally inconsistent even *within* product lots. (*Compare, e.g.*, Nachio Dkt. No. 63-1 at 71 *with id*. at 76, 78, 79 (inconsistent results within lots LE24BE and LE09B).) Such inherent flaws in the 2010 and 2011 reports explain why Plaintiffs told this Court in opposing the motions to dismiss that the reports were simply "background" materials that had no real bearing on olive oil sold in Florida. (Nachio Dkt. No. 42 at 1, 3; Meyer Dkt. No. 24 at 1, 3, 11.) Adding additional "background" allegations could not possibly cure the deficiencies in Plaintiffs' claims. Moreover, as the Court already explained, "[e]ven setting aside the flaws with the UC Davis Study, and assuming their results as true," findings based on tests of olive oil purchased at certain locations in California "does little to support an inference that consumers purchasing Defendants' extra virgin olive oil in Florida have been wronged or sold 'fake' olive oil." (Nachio Dkt. No. 62 at 14.) The Court thus should deny Plaintiffs' motion for reconsideration and request to file the proposed amended complaint.

### C. Plaintiffs' New Claim Under Fla. Stat. §§ 817.41 Does Not Provide a Ground for Reconsideration.

Finally, Plaintiffs' new cause of action for misleading advertising, Fla. Stat. §§ 817.41, *et seq.*, does not supply the missing facts needed to overcome this Court's dismissal order. Plaintiffs never allege what advertisements they purportedly relied on, when and where they allegedly purchased Defendants' products, any reason for assuming Defendants falsely advertised products sold in Florida, or any non-conclusory facts about their alleged injuries. *In re Simdag/Robel, LLC*, No. 8:09-cv-146-T-23EAJ, 2009 U.S. Dist. LEXIS 35782, at *9 (M.D. Fla. Apr. 10, 2009); *Simpson v. FWM Labs., Inc.*, No. 09-61771-CIV-COHN/SELTZER, 2010 U.S. Dist. LEXIS 29973, at *11-12 (S.D. Fla. Mar. 29, 2010). Their inability to supply such basic facts is particularly telling in light of this Court's detailed ruling dismissing this action.[3]

## V. CONCLUSION

Plaintiffs' motion confirms what Defendants pointed out at the outset of this case and what the Court already has held – Plaintiffs cannot muster sufficient facts to satisfy "even the more relaxed pleading standards of Rule 8(a)" (Nachio Dkt. No. 62 at 13), let alone Rule 9(b). Defendants therefore respectfully request that the Court deny Plaintiffs' motion for reconsideration and request to amend the complaint, and instead formally enter judgment in Defendants' favor.

Dated: October 31, 2011

/s/ Robert L. Ciotti
Robert L. Ciotti (Florida Bar No. 333141)
CARLTON FIELDS, P.A.

---

[3] It, however, is not surprising. Plaintiff Nachio, for instance, has admitted that he does not have his bottle of Filippo Berio extra virgin olive oil, does not have any proof of purchase, does not know where he purchased the bottle, and never tested the bottle. (*See, e.g.*, Ex. A (Nachio's Responses to Requests for Admission, dated Aug. 26, 2011); Ex. B (Nachio's Initial Disclosures, dated Jan. 28, 2011); Ex. C (Meyer's Initial Disclosures, dated Jan. 28, 2011)).

4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607-5780
Telephone: 813/223-7000
Facsimile: 813/229-4133
E-mail: rciotti@carltonfields.com

***Attorneys for Defendants Pompeian, Inc., SALOV North America Corp., and Colavita USA, LLC***

David F. McDowell (*pro hac vice forthcoming*)
Sylvia Rivera (*pro hac vice forthcoming*)
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone:  213/892-5200
Facsimiles:  213/892-5454
E-mail: dmcdowell@mofo.com
           srivera@mofo.com

***Attorneys for Defendants Pompeian, Inc. and Colavita USA, LLC***

Mark E. Haddad (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
E-mail: mhaddad@sidley.com

***Attorneys for Defendant SALOV North America Corp.***

Dated:  October 31, 2011

/s/ Patricia E. Lowry
Patricia E. Lowry (Florida Bar No. 332569)
Amy Bloom (Florida Bar No. 0506893)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
E-mail:  plowry@ssd.com
            amy.bloom@ssd.com

***Attorneys for Defendant American Rice, Inc.***

21329365.19

>Jeffrey Margulies
>FULBRIGHT & JAWORSKI L.L.P.
>555 South Flower Street, Forty-First Floor
>Los Angeles, CA  90071
>Telephone:     (213) 892-9200
>Facsimile:      (213) 892-9494
>E-mail:  jmargulies@fulbright.com
>
>*Of counsel for Defendant American Rice, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 31, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record that are registered with the Court's CM/ECF system.

                                          /s/ Robert L. Ciotti
                                          Attorney